UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re: Chapter 12 Case

Kevin Lundberg, Case No. 21-40286
Debtor.

---

# MODIFIED CHAPTER 12 PLAN

---

## ARTICLE I
SUMMARY OF THE PLAN

This plan shall continue for a period of 60 months from its effective date. The property of the Debtor is being valued, and the claim of each secured creditor is being treated as secured in the amount of the value of the property securing such claim. Costs of administration are being paid on the effective date of the plan unless otherwise agreed to or directed by the Court. Priority claims are being paid in full as allowed. The Debtor will pay the Trustee no less than all disposable income, as that term is defined in 11 U.S. C. Section 1225, for Trustee administration and distribution to unsecured creditors. The deficiency claims of all secured creditors will be treated as unsecured claims unless otherwise ordered by the Court.

## ARTICLE II
DEFINITIONS

1. "Creditors" means all entities having a claim against the debtor.
2. "Secured Creditor" means a creditor with a lien or security interest in property of the debtor.
3. "Claim" means a debt that is owed by the Debtor.
4. "Effective Date" means the date on which this plan is signed by all relevant parties.
5. "Trustee" means the Chapter 12 Trustee.

## ARTICLE III
CLASSIFICATION OF CLAIMS

CLASS 1 Costs of Administration

CLASS 2 Secured Claims

A. Frandsen Bank & Trust – Homestead

B. Mountain America Federal Credit Union – Arizona Property

C. Minnwest Bank – Real Property

D. AgCountry Farm Credit Services, PCA – Real Property and Blanket Lien

E. Financial Security Bank – Real Property

F. Deere & Company d/b/a John Deere Financial – Disk Ripper

G. Deere Credit, Inc. d/b/a John Deere Financial – 9460R Tractor

CLASS 3 Priority Unsecured Claims

CLASS 4 General Unsecured Claims

CLASS 5 Executory Contracts and Leases

## ARTICLE IV
TREATMENT OF CLAIMS AND INTEREST

CLASS 1 - Costs of Administration

Class 1 includes compensation and expenses of professionals and court costs and all expenses incurred by the Debtor after the filing of their petition and before the entry of the order of confirmation and expenses of professionals and court costs, shall be paid in full on the effective date of the plan. Claims for compensation and expenses of professionals and court costs shall be paid upon approval by the Court and as directed by the Court.

A. Attorney's Fees – Attorney's Fees will be paid after court approval to Debtor's attorneys, Stermer & Sellner, Chtd., 102 Parkway Drive, P.O. Box 514, Montevideo, MN 56265.

B. Trustee's Fees - The Chapter 12 Trustee shall make application to the Court for approval of Trustee's fee and for any reasonable and necessary expenses of the Trustee in effectuating the Trustee's duties under the Bankruptcy Code in administering this case. The Debtor shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 Trustee as an estimated payment and the Trustee shall hold the fee until the Trustee's fees and expenses are applied for and approved by the Court. Once the Trustee's fees are approved, the Trustee shall pay them. If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the debtor, unless otherwise ordered by the Court. **All payments shall be made through the Chapter 12 Trustee unless otherwise stated herein**. **Creditors shall only accept direct payments from the debtor if specified in the Plan.**

CLASS 2 – Secured Claims

Class 1 consists of the following secured claims:

**A. Frandsen Bank & Trust**

Debtor owes Frandsen Bank & Trust ("FBT") approximately $471,624.26 (including attorney's fees),

which is secured by Debtor's homestead, that is owned entirely by Debtor's spouse. Debtor believes the homestead has a value of approximately $589,200.00. Interest will accrue on this the new principal balance at a rate of 5.25% per annum. Principal and interest will be amortized for a 30-year term. Principal and interest will be fully amortized by way of equal payments. Payments shall be $2,577.40 per month (not including escrow amounts), outside of the plan, with the first payment due the following month after the plan is confirmed. This loan shall balloon in seven years. Debtor may prepay the claims in whole or in part at any time without penalty.

The value of FBT's collateral exceeds the debt due. As an over-secured creditor and pursuant to 11 U.S.C. § 506(b), FBT is entitled to include as part of its secured claim in this proceeding all principal, interest, late fees, reasonable attorneys' fees, costs and other amounts due under the Note, any security agreements and the mortgage. Attorney's fees shall be incorporated into the principal balance, and new loan documents shall be executed that match the terms and conditions of this plan.

If the Debtor defaults under this plan with respect to treatment for the secured claim of FBT and such default is not cured within 21 days from the date written notice of the same is provided by FBT to the Debtor, FBT may submit an Affidavit of Default to the United States Bankruptcy Court for the District of Minnesota, with the Court thereafter in its discretion may enter and order that grants FBT relief from the automatic stay and/or any discharge injunction and permits FBT to foreclose against, recover and liquidate any real property collateral.

**B. Mountain America Federal Credit Union**

Debtor owes Mountain American Federal Credit Union ("MAFCU") approximately $86,507.83, which is secured by Debtor real property in Arizona. Debtor scheduled the real estate with a value of $256,300.00. Debtor will sell this property. This sale shall be free and clear of any liens, and MAFCU shall receive a security interest in the proceeds, any remaining proceeds shall be paid to Minnwest Bank who has a second position security interest behind MAFCU. The sale amount of the property shall be by motion and with court approval. Debtor will continue to make payments pursuant to the original loan agreement with MAFCU outside of the plan until the real property is sold.

**C. Minnwest Bank**

Debtor owes Minnwest Bank approximately $2,077,665.14, which is secured by Debtor's real property and real Property owned by Lundberg Farms Partnership (Case No. 21-40285). The Minnwest Bank debt and claim includes current and future accrued interest and legal costs. The entirety of Minnwest Bank debt shall be capitalized to principal as of the Effective Date. Debtor believes the real property has a value of approximately $4,183,900.00, and Minnwest Bank's claim is therefore fully secured.

Debtor shall sell the Arizona residence at its fair market value, and all proceeds derived from the sale

net of customary seller closing costs and satisfaction of the first priority MAFCU lien shall be paid to Minnwest Bank. Debtor shall also sell the Chippewa County, Minnesota property known as the "Carlson" building site, tax parcel number 09-011-4101, at its fair market value. Minnwest Bank has a first position mortgage on this property, and all proceeds from that sale shall be paid to Minnwest Bank. These sales shall be free and clear of any liens, and the sale of the property shall be by motion and with approval of the Court. Debtor acknowledges that Minnwest Bank is required to appraise these properties and Debtor will grant access to the residences on these properties and otherwise cooperate with the appraisals. Minnwest Bank reserves the right to object to these sales if the sale prices are not consistent with the properties' market values.

The Minnwest Bank claim which is not paid through the foregoing collateral sales and resulting payments to Minnwest Bank shall be restructured and repaid as follows. All Minnwest Bank debt shall be secured by the real estate of the Debtor and Lundberg Farms Partnership to the extent it was secured prior to the filing of this bankruptcy case. The unpaid principal balance of the Minnwest Bank claim shall accrue interest at the initial rate of four and three-fourths (4.75%) percent per annum, and said rate shall be adjusted every five (5) years as of the anniversary of the Effective Date (each an "Adjustment Date"). Effective as of each Adjustment Date the foregoing interest rate shall be adjusted to be the rate equal to one and one-half (1.50%) percent per annum in excess of the Prime Rate of interest as of said Adjustment Date as said Prime Rate is reported in the Wall Street Journal or similar publication. Interest shall be computed on the basis of a year of three hundred sixty (360) days, but charged for the actual number of days during which principal is outstanding. The Debtor shall cause Lundberg Farms Partnership to make equal twice-annual payments of principal and accrued interest outside the plan in the amount necessary to fully amortize the Minnwest Bank claim over a 30-year amortization period, said twice-annual payments beginning on the first (1st) day of December, 2021, and continuing on the first (1st) day of each June and December thereafter until December 1, 2031, on which date the remaining balance of the Minnwest Bank debt shall become fully due and payable. The initial amount of the twice-annual payment shall be approximately **$55,190.70** as adjusted to account for the actual Minnwest Bank debt outstanding as of December 1, 2021, following the application of any sale proceeds received by Minnwest Bank from the above sales, and the amount of said twice-annual payment shall be recalculated, and if necessary adjusted, as of each Adjustment Date to account for any change in the effective interest rate as set forth above and to maintain the original thirty (30) year amortization period. The Minnwest Bank claim may be prepaid, in whole or in part, without prepayment fee.

All loan and collateral documents evidencing, governing and securing the Minnwest Bank debt prior to the filing of this bankruptcy case shall, unless expressly otherwise provided by the foregoing provisions

of this Plan, continue unmodified and in full force and effect. In addition to timely complying with the reporting requirements of the Minnwest Bank loan documents by providing such reports and documents directly to Minnwest Bank, the Debtor shall provide to Minnwest Bank copies of all reports provided to the bankruptcy trustee, including without limitation operating reports and bank statements, by forwarding the same electronically to Minnwest Bank using ryana@minnwestbankgroup.com or such different email address as Minnwest Bank may provide to Debtor, simultaneous with their transmission to the trustee's office. Debtor shall maintain insurance on all property subject to the mortgages and security interests in favor of Minnwest Bank, with deductibles consistent with those carried historically, with Minnwest Bank named as loss payee, or an additional insured where applicable, insuring such property for its full, insurable value against perils covered by fire and extended coverage policies of insurance. Debtor shall preserve, maintain in good condition and repair the property subject to the mortgages and security interests in favor of Minnwest Bank.

In the event of a default under this Article II, Class 2, Section C. or any default under Article II, Class 2, Section A. of the Chapter 12 Plan of Lundberg Farms Partnership, Minnwest Bank shall have the right to give Debtor and Lundberg Farms Partnership fourteen (14) days' written notice of such default. If the Debtor and Lundberg Farms Partnership fail to cure such default(s) within said fourteen (14) day period, or if said notice of default is the third given by Minnwest Bank during any twelve (12) month period, then upon filing an affidavit regarding such default with the Court, and subject to Debtor establishing the nonexistence of any such default through a responsive affidavit filed with the Court: (i) Minnwest Bank shall be entitled to an order modifying the automatic stay in this bankruptcy case and in the Lundberg Farms Partnership bankruptcy case to allow Minnwest Bank to accelerate the Minnwest Bank debt owed by Debtor and Lundberg Farms Partnership and enforce its state law remedies, including foreclosure, repossession, and collection of the Minnwest Bank debt against Debtor, Lundberg Farms Partnership, all co-debtors, and all collateral; and (ii) the repayment terms of the Minnwest Bank debt shall revert to its pre-petition terms as though this bankruptcy case had been dismissed.

**D. AgCountry Farm Credit Services, PCA**

The Debtor is obligated to AgCountry Farm Credit Services, PCA ("AgCountry") pursuant to the terms of a Promissory Note of date February 28, 2018 in the original principal sum of $7,400,000.00 (the "Note"). Interest accrues on the unpaid principal balance of the Note at a variable rate. The Note required all principal and interest to be paid on or before January 1, 2020. The remaining debt on the note is approximately $949,326.79 as of August 2, 2021. The Debtor will not object to AgCountry's proof of claim.

As collateral for the Note debt, AgCountry holds security interests in the following personal property

of the Debtor: farm products, inputs, inventory, general intangibles, equipment, vehicles, chattel paper, documents, accounts, government agricultural program payments, deposit accounts, letter-of-credit rights, investment property, interests in Southern Minnesota Beet Sugar Cooperative and Chippewa Valley Agra Fuels Cooperative, and proceeds (collectively the "Personal Property Collateral"). AgCountry perfected its security interest in the Personal Property Collateral by the filing of a financing statement with the Minnesota Secretary of State's Office.

As additional collateral for the Note debt, AgCountry holds a mortgage in certain real property owned by the Debtor in the Counties of Chippewa, Kandiyohi and Swift, State of Minnesota (collectively the "Real Property Collateral"). AgCountry shall retain its liens, security interests and mortgages in all of its Personal and Real Property Collateral, with the exception of future crops of the Debtor and Lundberg Farms Partnership.

The value of AgCountry's Personal and Real Property Collateral exceeds the debt due to AgCountry. As a consequence, AgCountry is an over-secured creditor and pursuant to 11 U.S.C. § 506(b), AgCountry is entitled to include as part of its secured claim in this proceeding all principal, interest, late fees, reasonable attorneys' fees, costs and other amounts due under the Note, any security agreements and the mortgage. The parties may stipulate to those amounts, or the AgCountry may move the Bankruptcy Court for approval and allowance of them, at reasonable times and intervals.

Time is of the essence in the performance of the terms of this Plan as it relates to treatment for the secured claim of AgCountry. Effective May 1, 2022, and the first day of May of each and every year thereafter for the term of the re-amortization, the amount of the semi-annual payments due in the future will be recalculated based on any reduction in principal resulting from AgCountry's receipt of proceeds from disposition of its Personal or Real Property Collateral on or before May 1st of that year.

Effective August 1, 2021, the debt due to AgCountry on the Note will be re-amortized as principal over a term of five years with a rate of 7% per annum. Semi-annual payments of principal and interest will be due commencing January 3, 2022. Future payments will be made on June 1 and January 3 thereafter until January 2, 2026, when all remaining principal and interest will be due. The January 3, 2022 payment will be in the sum of $50,000.00. All remaining payments will be calculated so as to fully amortize the debt and will be in equal amounts.

All payments resulting from disposition of any of the Personal or Real Property Collateral of AgCountry will be applied immediately to approved fees and costs, then to accrued interest and finally to principal. No payments from disposition of AgCountry's Personal or Real Property Collateral will be credited to the semi-annual payments due, with the exception of payments received from Southern Minnesota Beet Sugar Cooperative related to the unit retains collateral of AgCountry.

During the term of the Debtor's plan, the payments to AgCountry will be paid through by the Debtor. After expiration of the term of the plan, the Debtors will pay AgCountry directly.

Prior to the filing of the Debtor's case, certain of AgCountry's Personal Property Collateral was liquidated. Additionally, during the term of this plan, the Debtor anticipates liquidating additional items of AgCountry's Personal Property Collateral. With respect to the same:

(a) Any remaining proceeds resulting from the prepetition sale through Steffes Auctioneers of AgCountry's Personal Property Collateral, in which collateral AgCountry held a properly perfected security interest, will be remitted immediately to AgCountry;

(b) The Debtor will liquidate a 2009 International Prostar Truck on or before December 31, 2021 and remit the proceeds immediately to AgCountry.

(c) The Debtor will liquidate all remaining shares owned by the Debtor in Southern Minnesota Beer Sugar Cooperative on or before April 1, 2022, and remit the proceeds immediately to AgCountry.

(d) The Debtor will liquidate a 9460 John Deere tractor on or before August 1, 2022, after Debtor has exercised the purchase option, with any proceeds above the purchase option price interest held by Deere Credit, Inc. to be remitted immediately to AgCountry.

Other than as specifically modified by this Plan, the terms of the debt, security and perfection documents executed by the Debtor in favor of AgCountry will remain unaltered and fully enforceable.

If the Debtor defaults under this plan with respect to treatment for the secured claim of AgCountry and such default is not cured within 14 days from the date written notice of the same is provided by AgCountry to the Debtor, AgCountry may submit an Affidavit of Default to the United States Bankruptcy Court for the District of Minnesota, with the Court thereafter in its discretion entering its order that grants AgCountry relief from the automatic stay and/or any discharge injunction and permits AgCountry to foreclose against, recover and liquidate any remaining Personal and/or Real Property Collateral.

With respect to the debt due, AgCountry has claims against certain individuals and entities not involved in the pending bankruptcy case. So long as the Debtor is not in default under the terms of this plan as it relates to treatment for the secured claim of AgCountry, AgCountry will defer pursuit of any claims against individuals and entities other than the Debtor.

The Debtor will execute any and all documents necessary to carry out the terms of this plan as it relates to treatment for the secured claim of AgCountry.

**E. Financial Security Bank**

Debtor owes Financial Security Bank $240,838.76 (compromised of principal in the amount of $224,990.41, interest in the amount of 14,732.18, and late fees in the amount of $1,116.17), as of July 20, 2021. This debt is secured by Debtor's real property, property ID 09-010-3100. Debtor believes the real

property has a value of approximately $569,600.00. Financial Security Bank will retain its lien on the real property and all other terms and conditions of the loan documents are in full force and effect. Interest will accrue on this the principal balance at a rate of 4.75% per annum. Principal and interest will be amortized for a 30-year term. Principal and interest will be fully amortized by way of equal payments. Payments shall be made bi-annually on December 31 and June 30 of each year, in the amount of $7,500.00, with the first payment due by December 31, 2021, with the exception of the $15,848.35 in interest and late fees listed above, which shall be paid by December 31, 2022. This loan shall balloon in five years. Payment will be paid by Lundberg Farms Partnership, outside the plan, who will be managing Debtor's real property. Notwithstanding the foregoing, it is understood that the payments required by this paragraph are part of the Plan and a failure to make any payments is a default under the Plan. Principal and interest will be fully amortized by way of equal payments, except for the balloon payment. Debtor may prepay the claims in whole or in part at any time.

**F. Deere & Company d/b/a John Deere Financial – Disk Ripper**

Debtor owes Deere & Company d/b/a John Deere Financial ("JDF") $15,869.32, which is secured by a Ecolo-Tiger 870 Disk Ripper. Debtor believes the equipment has a value of approximately $18,773.00. Interest will accrue on this the principal balance at a rate of 5.25% per annum. Principal and interest will be amortized for a 4-year term. Principal and interest will be fully amortized by way of equal payments, except for the final payment. Payments shall be made annually in the amount of $4,501.35, with the first payment due by December 31, 2021. Payment will be paid by Lundberg Farms Partnership outside their plan. Principal and interest will be fully amortized by way of equal payments. Debtor may prepay the claims in whole or in part at any time.

To the extent the value of JDF's collateral exceeds the debt due, as an over-secured creditor and pursuant to 11 U.S.C. § 506(b), JDF may entitled to include as part of its secured claim in this proceeding all principal, interest, late fees, reasonable attorneys' fees, costs and other amounts due under the loan. The parties may stipulate to those amounts, or the JDF may move the Bankruptcy Court for approval and allowance of them.

**G. Deere Credit, Inc. d/b/a John Deere Financial – 9460R Tractor**

Debtor owes Deere & Company d/b/a John Deere Financial ("JDF") $135,501.16, which is secured by a 9460R Four Wheel Drive Tractor. Debtor will assume this contract as referenced in Class 5(b). To the extent that JDF may be entitled to attorney's fees, the parties may stipulate to those amounts, or the JDF may move the Bankruptcy Court for approval and allowance of them.

CLASS 3 – Priority Unsecured Claims

Class 3 consists of all claims entitled to priority under § 507, including the following:

A. Internal Revenue Service: $1,500.00 – Will be paid in full pursuant to class 4.

Priority claims shall be paid prior to payment of non-priority general unsecured claims.

CLASS 4 – Unsecured Claims

Class 4 consists of general unsecured claims, claims of all unsecured creditors which are as a result of damages arising as a result of the rejection of unexpired leases and/or executory agreements, claims resulting from the value of a secured claim being of a value less than the security held against held claim, and/or those secured creditors whose claims are determined to be unsecured, claims of all accommodation parties and co-makers or loans of which the Debtor is the principal, and claims for taxes and penalties which are not included in any other Class. Payments made to the non-priority, general unsecured class should be disbursed by the Trustee pro-rata based on the amount of filed and allowed claims existing on the date of disbursement.

Honn Farms, LLC filed an unsecured claim in the amount of $43,658.49 on August 20, 2021. This claim will not be included or paid under the terms of the plan, as the claim was filed after the claim filing deadline for non-government creditors (April 30, 2021). The debtor intends to object to the claim and seek its disallowance.

John Deere's unsecured claim (Claim 12-1, $93,580.69) and Farm Credit Services of America PCA (Claim 7-1, $23,119.10) shall be paid via Lundberg Farms Partnership's plan. In the event that such claims are not paid by Lundberg Farms Partnership, Debtor will pay amend the plan to pay the claims in full.

Debtors will pay the remaining allowed unsecured claims, in the total approximate amount of $12,704.02, over the five-year term of the plan. The Debtors shall pay the unsecured creditors at least an amount equal to the amount required in the liquidation analysis set forth in Exhibit A. Debtor anticipates that all unsecured creditors will be paid in full. Debtor shall pay Trustee $3,600.00 per year over the course of the plan for a total amount of $18,000.00. Payments shall be made monthly.

| | Monthly | Yearly |
|---|---|---|
| 2022 Total Payment to Trustee | $300.00 | $3,600.00 |
| | | |
| Trustee Fees | | $180.00 |
| Debtor Attorney | | $720.00 |
| Unsecured Creditors | | $2,700.00 |

| | | |
|---|---|---|
| 2023 Total Payment to Trustee | $300.00 | $3,600.00 |
| | | |
| Trustee Fees | | $180.00 |
| Debtor Attorney | | $720.00 |
| Unsecured Creditors | | $2,700.00 |

| | | |
|---|---|---|
| 2024 Total Payment to Trustee | $300.00 | $3,600.00 |
| | | |
| Trustee Fees | | $180.00 |
| Debtor Attorney | | $720.00 |
| Unsecured Creditors | | $2,700.00 |

| | | |
|---|---|---|
| 2025 Total Payment to Trustee | $300.00 | $3,600.00 |
| | | |
| Trustee Fees | | $180.00 |
| Debtor Attorney | | $720.00 |
| Unsecured Creditors | | $2,700.00 |

| | | |
|---|---|---|
| 2026 Total Payment to Trustee | $300.00 | $3,600.00 |
| | | |
| Trustee Fees | | $180.00 |
| Debtor Attorney | | $720.00 |
| Unsecured Creditors | | $2,700.00 |

CLASS 5 – Executory Contracts and Leases

Class 5 consists of executory contracts and leases existing as of the date of filing. All such executory contracts and leases are rejected unless specifically assumed in this section. The debtor assumes the following executory contracts and leases:

A. Farm Credit Leasing – For a 2016 Sioux 60’ 16-Ring Steel Bin, with all fixtures, attachments, comments, and accessories, with annual payments of $27,257.93, with a final payment of $39,759.64, due after 12/2022.

B. Deere Credit, Inc. d/b/a John Deere Financial – For a 9460R Four Wheel Drive Tractor, with an annual payment of $27,938.45 due 8/27/21, and a final payment of $107,003.94 in 2022 as debtor will exercise the purchase option for the tractor. Debtor shall pay the $558.77 cure amount 30 days after confirmation of this plan.

## ARTICLE V
CONTINUATION OF FARMING OPERATION

The Debtor propose to continue their farm operation on a smaller scale and liquidate some of their property. Debtor shall defer from the income and proceeds of said operation sums of money for reasonable and necessary farm expenditures. Such expenses would include the ordinary, reasonable expenses that are set forth in the exhibits attached hereto, including payments to creditors outside of the plan and reasonable capital improvements, including machinery, equipment, and livestock. Debtor’s projections of income, operating expenses, and payments are attached as Exhibit B.

The However, it is understood that any significant purchases that require new debt to be incurred will need court approval. As part of the continuing farm operation, Debtor shall submit operating reports and bank statements on a monthly basis to the Chapter 12 Trustee. All disposable income as defined by 11 U.S.C § 1225(b)(2) received during the term of the plan will be applied to make payments under the plan.

**ARTICLE VI**
LIVING EXPENSES

Debtors projection of living expenses is $36,000.00 per year starting in 2022. The Debtor shall limit their annual withdrawals for living expenses to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon application of a party in interest.

**ARTICLE VII**
DISPOSABLE INCOME

The Debtors' projections of gross income, operating expenses, living expenses and plan payments indicate that he may have disposable income annually in the approximate amount of **$28,392.00**. For the term of this Plan, all of the Debtor's disposable income, regardless of the amount, will be paid to the Trustee for payment of cost of administration and distribution to unsecured creditors. All disposable income (future earnings not necessary for the continuation, preservation and operation of the farm and for the maintenance or support of the Debtor and his dependents) for 5 years following the effective date, shall be submitted to the Trustee for distribution. All creditors with Class 4 – General Unsecured Claims shall be paid a pro rata share of disposable income after administrative and priority claims have been paid.

**ARTICLE VIII**
LIQUIDATION ANALYSIS

After deducting the amounts of the secured claims, exemptions, liquidation costs the Debtor believes the net equity in his property is $931,845.00. The priority unsecured class (but not including attorney's fees and Trustee's fees) and non-priority unsecured class of claims shall receive, in total, a minimum distribution of $931,845.00 or payment in full of allowed claims, whichever is less. The debtor's liquidation analysis is attached to this plan as Exhibit A.

**ARTICLE IX**
POST-PETITION GOVERNMENT TAX CLAIMS

Pursuant to 11 U.S.C. §1232(a), the claims of the IRS and the Minnesota Department of Revenue

arising after the filing of the petition in this case and prior to the discharge as a result of the sale, transfer, exchange, or other disposition of property used in Debtor's farming operation shall be discharged and treated as unsecured claims arising before the date of filing and are not entitled to priority, i.e. part of Class 4. If the Debtor files a tax return for a period for which such a claim arises, the Debtor shall prepare and service a notice of the claim on the IRS and the Minnesota Department of Revenue in accordance with 11 U.S.C. § 1232(d)(2) and to the extent that the IRS, Minnesota Department of Revenue, or the trustee timely files a proof of claim pursuant to 11 U.S.C. § 1232(d)(3), the trustee shall pay the IRS and the Minnesota Department of Revenue as general unsecured creditors.

## **ARTICLE X**
EXECUTION OF PLAN AND CASH FLOW ANALYSIS

The debtor proposes to continue their farming operations and make the plan payments out of farm or other income. The debtor's projection of income, operating expenses, and plan payments are attached as Exhibit B.

## **ARTICLE XI**
RETENTION OF LIENS AND INCORPORATION OF DOCUMENTS

All creditors whose claims are treated as secured in this Plan shall retain his liens on the collateral securing their respective claims as specified in the Plan and until such claims are paid in full in the amount allowed as secured. Except as modified by the terms of this Plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference as if more fully set out in this plan. This Plan and the Order confirming the Plan may be recorded in the Office of the Register of Deeds of each county.

## **ARTICLE XI**
GENERAL PROVISIONS

1. The Court shall retain jurisdiction over the Debtor and his property for the term of the Plan.
2. As part of the continuing farm operation, the Debtor shall submit operating reports and bank statements on a monthly basis to the Chapter 12 Trustee. The Debtor shall provide the Chapter 12 Trustee copies of tax returns annually once filed.

Dated: September 3, 2021

STERMER & SELLNER, CHTD.

Krystal M. Lynne Atty ID #0392816
Attorney for Debtors
102 Parkway Drive, P.O. Box 514
Montevideo, MN 56265
Telephone: (320) 269-6491
E-mail: klynne@stermerlaw.com

Dated: September 3, 2021

Kevin Lundberg

# Exhibit A

# LIQUIDATION ANALYSIS

## KEVIN LUNDBERG & LUNDBERG FARMS PARTNERSHIP

| Asset | Value | Lien | 2nd Lien | Exemption | NE Value |
|---|---|---|---|---|---|
| Real Property | | | | | |
| Property ID 09-011-101 | $63,400.00 | MB - $63,400.00 | | | $0.00 |
| Property ID 09-010-1000 | $560,800.00 | | | | $560,800.00 |
| Property ID 09-010-3100 | $569,600.00 | FSB - $240,000.00 | MB - $329,600.00 | | $0.00 |
| Property ID 1-010-3300 | $325,400.00 | MB - $325,400.00 | | | $0.00 |
| Property ID 09-010-2100 | $294,100.00 | MB – 294,100.00 | | | $0.00 |
| Property ID 09-010-2200 | $807,900.00 | MB - $807,900.00 | | | $0.00 |
| Property ID 06-0033-000 | $141,400.00 | MB - $141,400.00 | | | $0.00 |
| Property ID 303-56-079 | $256,300.00 | CU - $90,000.00 | MB - $166,300.00 | | $0.00 |
| Property ID 09-016-2302 | $540,800.00 | RAF- $135,000.00 | | | $405,800.00 |
| | | | | | |
| Chattel | | | | | |
| Equipment/Machinery | $230,500.00 | JD - $151,370.48 | AC - $60,000.00 | | $19,129.52 |
| | | | | | |
| Vehicles | | | | | |
| 1999 Chevy Pickup | $7,500.00 | | | $5,000.00 | $2,500.00 |
| 2006 Chevy Pickup | $2,000.00 | | | | $2,000.00 |
| Ford Service Truck | $15,000.00 | | | | $15,000.00 |
| | | | | | |
| Household/Misc. | | | | | |
| Household Goods | $7,500.00 | | | $7,500.00 | $0.00 |
| Electronics | $1,000.00 | | | $1,000.00 | $0.00 |
| Misc. Clothing | $500.00 | | | $500.00 | $0.00 |
| Jewelry | $750.00 | | | $750.00 | $0.00 |
| Cash | $200.00 | | | $200.00 | $50.00 |
| Citizen’s Alliance | $500.00 | | | $375.00 | $125.00 |
| Financial Security Checking | $2,000.00 | | | $1,500.00 | $500.00 |
| Financial Security Savings | $100.00 | | | $75.00 | $25.00 |
| Lundberg Farms Partnership | $0.00 | | | $0.00 | $0.00 |
| Lundberg Farms Inc. | $350,000.00 | | | $0.00 | $350,000.00 |
| Co-op Dividends | $200,000.00 | | | $0.00 | $200,000.00 |
| SMSBC Shares (40) | $44,000.00 | | | $0.00 | $44,000.00 |
| Sylvan Pontoon | $3,500.00 | | | $0.00 | $3,500.00 |
| 2004 Larson Boat | $3,250.00 | | | $0.00 | $3,250.00 |

| | | | | | |
|---|---|---|---|---|---|
| Financial Security Checking | $113,500.00 | $111,000.00 PPP | | | $2,500.00 |
| Account Receivable | $45,000.00 | | | | $45,000.00 |
| SMSBC Shares (344) | $344,000.00 | AC - $344,000.00 | | | $0.00 |
| Steffes Proceeds | $70,620.20 | | | | $70,620.20 |
| SMSBC Unit Retains | $531,950.00 | AC - $531,950.00 | | | $0.00 |
| SMSBC Spreckels | $243,841.34 | | | | $100,000.00 |
| Hon Farms | $0.00 | | | | $0.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| **Total NE Assets** | | | | | **$1,164,750.00** |
| **Total NE Assets** | | | | | **$660,049.72** |
| Liquidation | | | | | |
| Chapter 7 Trustee Fees | $58,192.50 | | | | |
| Liquidation Costs (15%) | $174,712.50 | | | | |
| Chapter 7 Trustee Fees | $36,252.49 | | | | |
| Liquidation Costs (15%) | $99,007.45 | | | | |
| | | | | | |
| **Liquidation Test** | | | | | **$931,845.00** |
| **Liquidation Test** | | | | | **$524,78.78** |

Please note that many of the secured creditors such as Minnwest Bank and AgCountry have a security interest in more property than noted above. But for purposes of the liquidation analysis, their claim as been limited to the value of their claim and the property necessary to cover their claim.

| | |
|---|---|
| Kevin Lundberg Assets | |
| Lundberg Farms Partnership Assets | |

# EXHIBIT B

CASH FLOW ANALYSIS

**Projected Income**

| | Monthly | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|
| Income Source | | | | | | |
| Kevin | $7,333.00 | $87,996.00 | $87,996.00 | $87,996.00 | $87,996.00 | $87,996.00 |
| Sue | $833.00 | $9,996.00 | $9,996.00 | $9,996.00 | $9,996.00 | $9,996.00 |
| **Total** | **$8,166.00** | **$97,992.00** | **$97,992.00** | **$97,992.00** | **$97,992.00** | **$97,992.00** |

**Estimated Expenses**

| Expense | Amount | | | | | |
|---|---|---|---|---|---|---|
| | Monthly | 2022 | 2023 | 2024 | 2025 | 2026 |
| Escrow | $600.00 | $7,200.00 | $7,200.00 | $7,200.00 | $7,200.00 | $7,200.00 |
| Utilities | $300.00 | $3,600.00 | $3,600.00 | $3,600.00 | $3,600.00 | $3,600.00 |
| Telephone/Internet | $100.00 | $1,200.00 | $1,200.00 | $1,200.00 | $1,200.00 | $1,200.00 |
| Food | $450.00 | $5,400.00 | $5,400.00 | $5,400.00 | $5,400.00 | $5,400.00 |
| Clothing | $100.00 | $1,200.00 | $1,200.00 | $1,200.00 | $1,200.00 | $1,200.00 |
| Personal Care | $100.00 | $1,200.00 | $1,200.00 | $1,200.00 | $1,200.00 | $1,200.00 |
| Medical | $250.00 | $3,000.0 | $3,000.0 | $3,000.0 | $3,000.0 | $3,000.0 |
| Transportation | $250.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 |
| Entertainment | $100.00 | $1,200.00 | $1,200.00 | $1,200.00 | $1,200.00 | $1,200.00 |
| Life Ins. | $300.00 | $3,600.00 | $3,600.00 | $3,600.00 | $3,600.00 | $3,600.00 |
| Vehicle Ins. | $100.00 | $1,200.00 | $1,200.00 | $1,200.00 | $1,200.00 | $1,200.00 |
| Misc. | $350.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 | $4,200.00 |
| Est. Expenses | $3,000.00 | $36,000.00 | $36,000.00 | $36,000.00 | $36,000.00 | $36,000.00 |
| | | | | | | |
| FBT Loan | $2,600.00 | $31,200.00 | $31,200.00 | $31,200.00 | $31,200.00 | $31,200.00 |
| Trustee Payment | $300.00 | $3,600.00 | $3,600.00 | $3,600.00 | $3,600.00 | $3,600.00 |
| | | | | | | |
| Net Income | $2,166.00 | $27,192.00 | $27,192.00 | $27,192.00 | $27,192.00 | $27,192.00 |